**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

CHRISTOPHER HAKEAM JABBAR WISE,

Petitioner,

v.

SHERIFF,

Respondent.

CAUSE NO. 3:26-CV-506-TLS-JEM

OPINION AND ORDER

Christopher Hakeam Jabbar Wise, a prisoner without a lawyer, filed a habeas petition to challenge his conviction in Delaware from 2003. ECF 1. According to Wise, he agreed to register as a sex offender for twenty-five years as a condition to his guilty plea in Delaware. He represents that Delaware officials have since contacted him to be removed from the sex offender registry but that he has been unable to return to Delaware. He explains that he is currently in pretrial detention at the Allen County Jail because he failed to register as a sex offender in Indiana. According to Wise, Indiana law requires a resident to register as a sex offender in Indiana if that resident is required to register as a sex offender in another State. He also explains that he has accrued three other convictions for failing to register as a sex offender. He believes that Delaware officials are trying to relieve him of his obligation to register as a sex offender and that, as a result, he is not legally required to register as a sex offender. For relief, he seeks the dismissal of his pending criminal case in Indiana and punitive damages for his three prior failures to register convictions.

Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." To start, the court observes that Wise was in pretrial detention under Case No. 02D06-2510-F5-413 for failing to register as a sex offender when he initiated this case, but the Allen Superior Court sentenced him to three years' incarceration on May 11, 2026.[1] Consequently, any challenges to his pretrial detention are moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot.").

With that development in mind, the court remains unable to discern precisely which convictions Wise intends to challenge in this habeas case. Significantly, he cannot challenge convictions from both Indiana and Delaware in a single habeas petition. *See* Rule 2(e) of the Rules Governing Section 2254 Habeas Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of the court."). Though he expressly asserts that he is challenging the Delaware conviction imposing the registration requirement, he appears to request relief only in connection with other convictions that enforce the registration requirement.

Wise has also neglected to identify his prior convictions for failure to register by case number, court of conviction, or any other identifying information. Moreover, Wise may not seek damages, punitive or otherwise, in a habeas case. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Further, to challenge a conviction on federal habeas review, a petitioner must be in custody pursuant to that conviction. 28 U.S.C. § 2254(a). The custody requirement is satisfied if the petitioner was in custody at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

(1998). An obligation to register as a sex offender does not amount to custody for purposes of habeas review. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("Indeed, given the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." (citations omitted)). It thus does not appear that Wise was in custody as a result of his Delaware conviction when he filed his petition.

Additionally, the court can grant habeas relief only if a petitioner's custody violates federal law. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Wise claims that he should not be detained for failing to register as a sex offender when the State of Delaware has purportedly offered to relieve him of the obligation to register as a sex offender. While the court understands why Wise might perceive these circumstances as unfair, it does not appear that Wise has described any violation of federal law.

Next, to the extent that Wise seeks to challenge his conviction under Case No. 02D06-2510-F5-413, he has not properly exhausted his claims. A petitioner seeking federal habeas relief must present his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (citation omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* (citation omitted). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* (citations omitted).

Review of the electronic docket for the State courts reveals that the time for Wise to initiate a direct appeal for this conviction has passed and that Wise has a petition for post-conviction relief pending before the Allen Superior Court under Case No. 02D06-2605-PC-38.

Given this procedural posture, it is readily apparent that Wise has not properly exhausted State court remedies with respect to his conviction under Case No. 02D06-2510-F5-413.

Due to these numerous deficiencies, the court is inclined to dismiss this case for failure to state a valid habeas claim. However, in light of Wise's *pro se* status, the court will instead grant him an opportunity to file an amended petition that, at minimum, specifically identifies which convictions he seeks to challenge, explains how he is in custody pursuant to those convictions, and also explains how these convictions amounted to a violation of his federal rights.

Finally, Wise has not resolved his filing fee status. To proceed with this case, Wise must resolve his filing fee status by either paying the filing fee in full or by filing a motion to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS Christopher Hakeam Jabbar Wise to file an amended petition and to resolve his filing fee status by September 30, 2026; and

(2) CAUTIONS Christopher Hakeam Jabbar Wise that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on August 25, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT